IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steven L. Threlkeld, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:07-1855-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (2006). Steven Threlkeld ("Threlkeld") seeks attorney fees for services rendered in the above-captioned social security action in the amount of Five Thousand Dollars ($5,000.00) (calculated at $125.00 per hour for 40 hours).[1] The Commissioner of Social Security ("Commissioner") objects to the request for attorney fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v.

---

[1] Threlkeld originally sought a total of Five Thousand Three Hundred Forty-Five Dollars ($5,345.00) (calculated at $125.00 per hour for 42.76 hours). In his response to Defendant's opposition to Plaintiff's request for attorney fees under EAJA, however, Threlkeld states, "The Plaintiff is willing to waive 2.76 hours and will stipulate that the time expended is accepted as not exceeding 40 hours." (Pl.'s Reply 2.)

1

Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id. (internal quotation marks omitted).

Upon review, the Government's position was substantially justified. In its July 30, 2008 order, the court adopted Magistrate Judge Thomas E. Rogers' Report and Recommendation, remanding the case for further development of the record. After Threlkeld presented new information to the Appeals Council, the Council upheld the ALJ's decision without stating any specific reasons for its decision. The magistrate judge recommended remanding the case to allow the Commissioner to "indicate explicitly if the [new evidence raised on appeal] was considered" by the Appeals Council and "why the new, additional evidence does not suffice as a basis for changing the ALJ's decision." (Report & Recommendation 14.) The Commissioner did not object to the Report and Recommendation. However, the Commissioner now argues that the Commissioner's position in this case was substantially justified because the Appeals Council was not required to state its reasons for finding that additional evidence submitted with Threlkeld's request for review did not provide a basis for changing the ALJ's decision.

There is a split among South Carolina district courts as to whether the Appeals Council must make an assessment of additional evidence in its decision to deny review. See Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n. 2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in its decision to deny review.") (internal quotations omitted); But see Harmon v. Apfel, 103 F. Supp. 2d 869, 873 (D.S.C. 2000) ("Appeals Council must articulate its reason for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to

2

the new evidence."). Further, the Commissioner reasonably argues that the regulation pertaining to Appeals Council review, 20 C.F.R. § 404.970(b), does not require that it provide specific reasons for finding that additional evidence does not provide a basis for changing the ALJ's decision.

Because the Commissioner's position was substantially justified, the court denies Threlkeld's motion for attorney fees and costs pursuant to the EAJA.

It is therefore

**ORDERED** that Threlkeld's motion for attorney fees and costs under the EAJA, docket number 29, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 28, 2008